

**Signed: July 13, 2007**

**LESLIE TCHAIKOVSKY**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                    No. 06-42175 TT
                                         Chapter 7
MICHAEL JOSEPH BERTEL,

                    Debtor.
_____/

### SECOND AMENDED MEMORANDUM OF DECISION RE MOTION TO DISMISS

The Office of the United States Trustee (the "UST") moves to dismiss the above-captioned case under 11 U.S.C. § 707(a) and (b)(3). The above-captioned debtor (the "Debtor") opposes the motion on both substantive and procedural grounds. The procedural ground related to whether the motion under 11 U.S.C. § 707(b)(3) was untimely. The Court took this procedural ground under submission, agreeing to permit further briefing by the Debtor if the procedural ground were decided adversely to the Debtor. As set forth below, having concluded that the motion to dismiss based on 11 U.S.C. § 707(b)(3) is not untimely, the Court directs the parties to provide further briefing and to appear at a further hearing as set forth below.

### DISCUSSION

The Debtor filed a voluntary petition seeking relief under chapter 13 of the Bankruptcy Code on November 14, 2006. On January 9, 2007, the chapter 13 trustee (the "Trustee") filed a motion to

dismiss the case on the ground that the Debtor's debt exceeded the chapter 13 debt limits. <u>See</u> 11 U.S.C. § 109(e). There is no dispute that the Debtor's secured debts were in excess of the chapter 13 debt limits when he filed. Consequently, rather than oppose the motion, the Debtor filed a motion to convert the case to chapter 7, and the case was converted on February 1, 2007. A meeting of creditors in the chapter 7 case was conducted on February 21, 2007.

On April 4, 2007, the UST filed a motion to dismiss the chapter 7 case pursuant to 11 U.S.C. § 707(b)(2). Section 707(b)(2) applies only to debtors whose income during the six months before filing for bankruptcy exceeds the median ("current monthly income"). The income disclosed by the Debtor in his bankruptcy filings indicated that the Debtor's income during this period was above the median.

Above-median debtors are required to complete Form B22A, which calculates their ability to repay their debts over a five year period after deducting from their current monthly income expenses prescribed by Internal Revenue Service guidelines: i.e., the "means test." If this calculation demonstrates a statutorily quantified ability to repay, there is a presumption that the case is abusive. Based on the deductions listed by the Debtor in his Form B22A, he had insufficient income to repay his debts to give rise to a presumption of abuse.

Nevertheless, the UST contended that the case was presumptively abusive. She contended that the Debtor should not be entitled to take deductions for secured debt payments on real property that he intended to sell or abandon and perhaps already had sold or lost at foreclosure. The Debtor opposed the motion on both legal and factual

2

grounds. He contended that he was entitled to take the deductions without regard to his intent because he was contractually bound to make the payments. Additionally, he disputed the factual contention that the real property had been sold or that he intended to abandon it. To the contrary, he stated that he filed for bankruptcy to avoid losing it at foreclosure in the hopes of refinancing the secured debt or selling the real property for a profit at some time in the future.

The hearing on the motion was continued, and the UST took the Debtor's deposition. At the deposition, the UST learned that the Debtor had lied in his bankruptcy filings about his current monthly income. In fact, he had received little income during the six months prior to bankruptcy. Therefore, he was not subject to the "means test" set forth in Form B22A, and his case was not presumptively abusive.

On June 1, 2007, the UST filed a supplemental motion to dismiss, seeking to dismiss the case under 11 U.S.C. § 707(a) or (b)(3) instead of under § 707(b)(2). Section 707(a) provides that a bankruptcy case may be dismissed for, among other reasons, "unreasonable delay...that is prejudicial to creditors...." Section 707(b)(3) provides that a case may be dismissed as an abuse if "the debtor filed the petition in bad faith...." The UST asked the Court to dismiss the chapter 7 case with prejudice pursuant to 11 U.S.C. § 349(a) so that the Debtor could not discharge his existing debts in a future bankruptcy case.

3

The UST acknowledged that, with exceptions not relevant here, Rule 1017(e)(1) of the Federal Rules of Bankruptcy Procedure ("FRBP") provides that a motion to dismiss a case for abuse under 11 U.S.C. § 707(b) must be filed within 60 days after the first date set for the meeting of creditors. In this case, the deadline for such a motion was April 23, 2007. Although the original motion was filed before the deadline, the supplemental motion, which changed the basis for the motion, was not filed prior to this deadline.

The UST argued that the supplemental motion should be deemed to relate back to the original motion because the original motion was based on the Debtor's false statements in his bankruptcy filings. The UST did not discover the falsity of these statements until after the deadline had passed for filing a motion based on the true facts. She also contended that the deadline was equitably tolled by the Debtor's conduct. The Debtor argued that the Court was required to observe the deadline established by the Rule.

The Court is not persuaded that the supplemental motion relates back to the original motion. Rule 15(c) of the Federal Rules of Civil Procedure, made applicable to this proceeding by FRBP 7015, provides that an amended pleading relates back to the original pleading if it arises "out of the conduct, transaction, or occurrence set forth...in the original pleading...." See Markus v. Gschwend, 313 F.3d 1146, 1150 (9th Cir. 2002). The Court concludes that the supplemental motion does not meet this test. The UST concedes that the original motion was based on entirely different facts, which she only later realized were false.

4

The Court is persuaded by the UST's second argument: i.e., that the deadline should be deemed to be equitably tolled. As noted by the United States Supreme Court in <u>Kontrick v. Ryan</u>, 540 U.S. 443 (2004), deadlines created by the Federal Rules of Bankruptcy Procedure are not jurisdictional. For that reason, in a similar context, a bankruptcy court recently concluded that the deadline for objecting to a debtor's discharge was subject to equitable tolling. <u>See</u> <u>In re Rychalsky</u>, 318 B.R. 61, 64 (Bankr. D. Del. 2004).

Equitable tolling is appropriate when the claimant has acted diligently but has been induced by the adverse party through trickery or other misconduct to file a defective pleading or not to file at all during the statutory period. <u>See</u> <u>O'Donnell v. Vencor Inc.</u>, 466 F.3d 1104, 1113 (9th Cir. 2006). The Court finds that the application of equitable tolling is appropriate here.

**CONCLUSION**

The Court concludes that the UST's motion to dismiss under 11 U.S.C. § 707(b)(3) is timely, the deadline for filing the motion having been equitably tolled by the Debtor's dishonest conduct. The Court directs the Debtor to file further opposition to the motion by no later than September 6, 2007. The UST may file a reply on or before September 13, 2007, and a further hearing will be conducted on September 20, 2007 at 2:00 p.m.

END OF DOCUMENT

5

COURT SERVICE LIST

Sally J. Elkington
Elkington Law Office
1970 Broadway 12th Fl.
Oakland, CA 94612

Margaret H. McGee
Office of the U.S. Trustee
1301 Clay St. #690N
Oakland, CA 94612-5217

Tevis Thompson
P.O. Box 1110
Martinez, CA 94553

6